**WO**                                                                                    KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jack Charles Conroy, | No. CV 08-210-PHX-MHM (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Robin Avalos, et al., | |
| Defendants. | |

Plaintiff Jack Charles Conroy, who is confined in the Maricopa County Fourth Avenue Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will dismiss the Complaint with leave to amend.

**I.      Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $9.80. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against

1    a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

2    § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

3    claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

4    be granted, or that seek monetary relief from a defendant who is immune from such relief.

5    28 U.S.C. § 1915A(b)(1), (2).  If the Court determines that a pleading could be cured by the

6    allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint

7    before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000)

8    (*en banc*).

9          The Court should not, however, advise the litigant how to cure the defects.  This type

10   of advice "would undermine district judges' role as impartial decisionmakers."  Pliler v.

11   Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide

12   whether the court was required to inform a litigant of deficiencies).  Plaintiff's Complaint

13   will be dismissed for failure to state a claim, with leave to amend because the Complaint may

14   possibly be saved by amendment.

15   **III.    Complaint**

16         Plaintiff names the following Defendants in the Complaint: (1) P.A. Robin Avalos,

17   Fourth Avenue Jail; (2) Dr. Victor Gan, Fourth Avenue Jail; (3) Dr. Willcox, Fourth Avenue

18   Jail; (4) Correctional Health Services, Fourth Avenue Jail; (5) Nurse #871, Lower Buckeye

19   Jail; (6) Nurse Strouder, Lower Buckeye Jail; (7) Counselor Sid, Lower Buckeye Jail; and

20   (8) Nurse Rowan, Lower Buckeye Jail.

21         Plaintiff raises three grounds for relief in the Complaint: (1) Plaintiff's Eighth and

22   Fourteenth Amendment rights were violated when he received delayed and inadequate

23   medical care for an infection; (2) Plaintiff's medical files contain false statements, in

24   violation of Plaintiff's Eighth and Fourteenth Amendment rights; and (3) Plaintiff's

25   Fourteenth Amendment rights were violated when Defendant Willcox failed to re-order

26   Plaintiff's medications.  Plaintiff seeks injunctive relief and money damages.

27

28

1    **IV.    Failure to State a Claim**

2         **A.    Count I**

3         Count I of the Complaint fails to comply with Rule 8 of the Federal Rules of Civil

4    Procedure.  Rule 8(a) requires a "short and plain statement of the claim."  Fed. R. Civ. P.

5    8(a)(2).  Rule 8(d)(1) states that "[e]ach allegation must be simple, concise, and direct."

6         Plaintiff's Count I is rambling, twelve-page narrative that appears to allege facts

7    supporting multiple claims for relief.  A complaint having the factual elements of a cause of

8    action present but scattered throughout the complaint and not organized into a "short and

9    plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a) of the Federal

10   Rules of Civil Procedure. See  Sparling v. Hoffman Constr. Co., 864 F.2d 635, 640 (9th Cir.

11   1988); see also McHenry v. Renne, 84 F.3d 1172 (9th Cir. 1996).  It is not the responsibility

12   of the Court to review a lengthy narrative in an attempt to determine the number and nature

13   of Plaintiff's claims.

14        Plaintiff's Count I also violates the "one claim per count" rule.  The "one claim per

15   count" rule is set forth in the form Complaint and accompanying instructions, and is a

16   requirement imposed by the local rules of this Court. See LRCiv 3.4(a) (complaint must be

17   in accordance with the instructions provided with the form).   Plaintiff must set forth each

18   claim for relief separately.

19        **B.    Count II**

20        In Count II, Plaintiff claims that his Eighth and Fourteenth Amendment rights are

21   violated because "there are many lies within [his] medical files," including observations that

22   Plaintiff walked about his cell with no apparent distress, Plaintiff was exaggerating his

23   medical condition, and Plaintiff was observed standing with no apparent pain or distress.

24        To maintain a claim under the Eighth Amendment based on prison medical treatment,

25   a prisoner must show deliberate indifference to serious medical needs. Estelle v. Gamble,

26   429 U.S. 97, 104 (1976).  To act with deliberate indifference, a prison official must both

27   know of and disregard an excessive risk to inmate health. Farmer v. Brennan, 511 U.S. 825,

28   837 (1994).  The official must both be aware of facts from which the inference could be

1   drawn that a substantial risk of serious harm exists and he must also draw the inference.  Id.

2   This subjective approach focuses upon the mental attitude of the defendant.  Id. at 839.

3        "Deliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051,

4   1060 (9th Cir. 2004).  In the medical context, deliberate indifference may be shown by (1) a

5   purposeful act or failure to respond to a prisoner's pain or possible medical need and

6   (2) harm caused by the indifference.  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)

7   (citing Estelle, 429 U.S. at 104).

8        Medical malpractice or negligence is insufficient to establish a violation.  Toguchi,

9   391 F.3d at 1060.  Thus, mere negligence in diagnosing or treating a condition does not

10  violate the Eighth Amendment.  Toguchi, 391 F.3d at 1057.  Also, an inadvertent failure to

11  provide adequate medical care alone does not rise to the Eighth Amendment level.  Jett, 429

12  F.3d at 1096.  A difference in medical opinion also does not amount to deliberate

13  indifference.  Toguchi, 391 F.3d at 1058.  To prevail on a claim involving choices between

14  alternative courses of treatment, a prisoner must show that the chosen course was medically

15  unacceptable under the circumstances and was chosen in conscious disregard of an excessive

16  risk to the prisoner's health.  Id.

17       Plaintiff's claims in Count II do not state an Eighth Amendment medical claim

18  because Plaintiff has failed to allege facts which suggest that the alleged "lies" in his medical

19  files constitute deliberate indifference on the part of the named Defendants.  Plaintiff's

20  allegations are conclusory in nature and Plaintiff has demonstrated at most a difference in

21  opinion with respect to the diagnosis of Plaintiff's condition.  These allegations are

22  insufficient to state an Eighth Amendment medical claim.

23       **C.    Count III**

24       In Count III, Plaintiff alleges that he was seen by Defendant Willcox on January 24,

25  2008 and at that time Defendant Willcox said he would do more blood tests and an MRI-like

26  test, and reorder Plaintiff's medications. Plaintiff states that Defendant Willcox did not

27  reorder the medication and later told Plaintiff that he never told Plaintiff he would reorder

28  the medication.  Plaintiff claims that he was therefore forced to endure another weekend in

pain.  Plaintiff has again alleged, at most, a difference in opinion as to the appropriate treatment (medication) for Plaintiff's medical conditions.  This is insufficient to state an Eighth Amendment claim.

**V.     Leave to Amend**

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  **Plaintiff may include only one claim per count**.

In any amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct.  Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

Plaintiff must repeat this process for each person he names as a Defendant. If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegation against that Defendant will be dismissed for failure to state a claim.  Further, Plaintiff must comply with any specific directions set out by the Court in its discussion of individual claims. Conclusory allegations that a Defendant or group of Defendants have violated a constitutional right are not acceptable, and will be dismissed.

A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,

1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as nonexistent.  Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

## VI.    Motion for Temporary Restraining Order

On February 15, 2008, Plaintiff filed a "Motion for Temporary Restraining Order; Injunction Against I.L.S." in which he asks that the Court order Inmate Legal Services to provide Plaintiff with various forms and legal materials.

The Court notes first that Inmate Legal Services is not a party to this action and a temporary restraining order against it would therefore be inappropriate.

Moreover, a temporary restraining order can be issued without notice

> only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).  See also LRCiv 61.1.1 ("*Ex parte* restraining orders shall only issue in accordance with Rule 65, Federal Rules of Civil Procedure.")**.**

"Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay are not enough." Sampson v. Murray, 415 U.S. 61, 90 (1974) (quoting Virginia Petroleum Jobbers Ass'n v. Federal Power Comm'n, 259 F.2d 921, 925 (D.C. Cir. 1958)). See also Lydo Enterprises, Inc. v. City of Las Vegas, 745 F.2d 1211, 1213 (9th Cir. 1984) ("Purely monetary injuries are not normally considered irreparable.").

Additionally, Petitioner has not certified "in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B).  Because the Motion for Temporary Restraining Order fails to comply with Rule 65(b)(1)(B), the Court, in its discretion, will deny the Motion.  See American Can Co. v. Mansukhani, 742 F.2d 314, 321 (7th Cir. 1984) (district court abused its discretion in granting *ex parte* temporary restraining order "when there was no valid reason for proceeding *ex parte* and by disregarding the strict procedural requirements of Fed. R. Civ. P. 65(b) for the issuance of

1   such *ex parte* orders"); <u>see also</u> <u>Adobe Systems, Inc. v. South Sun Products, Inc.</u>, 187 F.R.D.

2   636 (S.D. Cal. 1999).

3   **VII.   Warnings**

4       **A.   Release**

5       Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.

6   Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

7   the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result

8   in dismissal of this action.

9       **B.   Address Changes**

10       Plaintiff must file and serve a notice of a change of address in accordance with Rule

11   83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

12   relief with a notice of change of address.  Failure to comply may result in dismissal of this

13   action.

14       **C.   Copies**

15       Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u>

16   LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice

17   to Plaintiff.

18       **D.   Possible "Strike"**

19       Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails

20   to file an amended complaint correcting the deficiencies identified in this Order, the

21   dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).

22   Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil

23   judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior

24   occasions, while incarcerated or detained in any facility, brought an action or appeal in a

25   court of the United States that was dismissed on the grounds that it is frivolous, malicious,

26   or fails to state a claim upon which relief may be granted, unless the prisoner is under

27   imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

28

**E.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed *In Forma Pauperis,* filed with the Complaint, is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $9.80.

(3)     The Complaint (Doc. #1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

(5)     Plaintiff's February 15, 2008 Motion for Temporary Restraining Order (Doc. #3) is **denied**.

(6)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 17th day of March, 2008.

Mary H. Murgula
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7. <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8. <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>        Attorney for Defendant(s)
> _____
> (Signature)

9. <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10. <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11. <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____

Name and Prisoner/Booking Number

_____

Place of Confinement

_____

Mailing Address

_____

City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,  )
(Full Name of Plaintiff)  )
       Plaintiff,  )
              )
       vs.  )  **CASE NO.** _____
              )       (To be supplied by the Clerk)
(1)_____ ,  )
(Full Name of Defendant)  )
(2)_____ ,  )
              )  **CIVIL RIGHTS COMPLAINT**
(3)_____ ,  )      **BY A PRISONER**
              )
(4)_____ ,  )  ☐ Original Complaint
      Defendant(s).  )  ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.  )  ☐ Second Amended Complaint

## A.  JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:

      ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983

      ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).

      ☐ Other: _____.

2.  Institution/city where violation occurred: _____.

**550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____. The first Defendant is employed as:
   _____at_____.
   (Position and Title)                                    (Institution)

2.  Name of second Defendant: _____. The second Defendant is employed as:
   _____at_____.
   (Position and Title)                                    (Institution)

3.  Name of third Defendant: _____. The third Defendant is employed as:
   _____at_____.
   (Position and Title)                                    (Institution)

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
   _____at_____.
   (Position and Title)                                    (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?       ☐ Yes       ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    b.  Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    c.  Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies:**
    a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                              ☐ Yes    ☐ No
    b.    Did you submit a request for administrative relief on Count I?              ☐ Yes    ☐ No
    c.    Did you appeal your request for relief on Count I to the highest level?     ☐ Yes    ☐ No
    d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

## COUNT II

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation
    ☐ Excessive force by an officer    ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
    a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☐ Yes    ☐ No
    b.   Did you submit a request for administrative relief on Count II?      ☐ Yes    ☐ No
    c.   Did you appeal your request for relief on Count II to the highest level?      ☐ Yes    ☐ No
    d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____ .

2.   **Count III.** Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation
    ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____ .

3.   **Supporting Facts.** State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .

4.   **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____ .

5.   **Administrative Remedies.**
    a.   Are there any administrative remedies (grievance procedures or administrative appeals) available
          at your institution?      ☐ Yes    ☐ No
    b.   Did you submit a request for administrative relief on Count III?      ☐ Yes    ☐ No
    c.   Did you appeal your request for relief on Count III to the highest level?      ☐ Yes    ☐ No
    d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why
          you did not.  _____
          _____ .

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                              DATE                                          SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)
_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.