1   **WO**                                                                          KM

2

3

4

5

6                   **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9   Jack Charles Conroy,                    )   No. CV 08-210-PHX-MHM (ECV)
                                            )
10              Plaintiff,                   )   **ORDER**
                                            )
11  vs.                                     )
                                            )
12                                          )
    Robin Avalos, et al.,                   )
13                                          )
                Defendants.                 )
14                                          )
                                            )
15  _____)

16          Plaintiff Jack Charles Conroy, who is confined in the Maricopa County Fourth

17  Avenue Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983.  On March

18  19, 2008, the Court dismissed the Complaint with leave to amend.  On April 15, 2008,

19  Plaintiff filed a First Amended Complaint.  Plaintiff has also filed a new Application to

20  Proceed *In Forma Pauperis*, a "Request for Court to Serve Subpoena, Waive Fees," and a

21  "Motion to Clarify, Grant  Leave for Second Amended Complaint if Needed."

22          The Court will order Defendants Avalos, Gan, Wilcox, Nurse 871, Aldrete, Drapeau,

23  and C.H.S. #426  to answer Counts I, II, III, VI, VIII, IX, and X of the Amended Complaint

24  and will dismiss the remaining claims and Defendants without prejudice.  The Court will also

25  deny the pending motions.

26  **I.      Statutory Screening of Prisoner Complaints**

27          The Court is required to screen complaints brought by prisoners seeking relief against

**TERMPSREF** 28

1   a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

2   § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

3   claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

4   be granted, or that seek monetary relief from a defendant who is immune from such relief.

5   28 U.S.C. § 1915A(b)(1), (2).

6   **II.    Amended Complaint**

7         Plaintiff names the following Defendants in the Amended Complaint: (1) P.A. Robin

8   Avalos, Fourth Avenue Jail; (2) Dr. Gan, Fourth Avenue Jail; (3) Dr. Wilcox, Fourth Avenue

9   Jail; (4) Correctional Health Services; (5) Nurse 871, Lower Buckeye Jail; (6) Nurse Aldrete,

10   Lower Buckeye Jail; (7) Nurse Rowan, Lower Buckeye Jail; (8) Dr. Drapeau, Lower

11   Buckeye Jail; (9) C.H.S. #426, Fourth Avenue Jail; and (10) Defendant Doe, nurse or

12   supervisor at Fourth Avenue Jail.

13         Plaintiff alleges eleven grounds for relief in the Amended Complaint: (1) Plaintiff's

14   Eighth and Fourteenth Amendment rights were violated when Defendant Avalos was

15   deliberately indifferent to Plaintiff's serious medical needs; (2) Plaintiff's Eighth and

16   Fourteenth Amendment rights were violated when Defendant Gan was deliberately

17   indifferent to Plaintiff's serious medical needs; (3) Plaintiff's Eighth and Fourteenth

18   Amendment rights were violated when Defendant Wilcox was deliberately indifferent to

19   Plaintiff's serious medical needs; (4) Defendant Wilcox violated Plaintiff's Eighth

20   Amendment rights by failing to renew Plaintiff's prescription medications for five days in

21   retaliation for Plaintiff filing complaints; (5) Correctional Health Services' policies or

22   customs resulted in denial or delay of medical care to Plaintiff; (6) Defendant Nurse 871

23   violated Plaintiff's Eighth and Fourteenth Amendment rights when she denied Plaintiff

24   medical care and refused to help him after a fall; (7) Defendant Nurse Rowan violated

25   Plaintiff's Eighth and Fourteenth Amendment rights when she was deliberately indifferent

26   to his serious medical needs; (8) Nurse Aldrete violated Plaintiff's Eighth and Fourteenth

27   Amendment rights when he was deliberately indifferent to Plaintiff's serious medical needs;

28   (9) Defendant Drapeau violated Plaintiff's Fourteenth Amendment rights when he took away

Plaintiff's wheelchair without examining Plaintiff; (10) Defendant C.H.S. #426 violated Plaintiff's Fourteenth Amendment rights when he or she denied Plaintiff psychiatric care for two months; and (11) Plaintiff's First and Fourteenth Amendment rights were violated when Defendants Aldrete, C.H.S., and Doe refused to respond to Plaintiff's grievances and appeals.

Plaintiff seeks money damages.

**III.  Failure to State a Claim**

**A.      Count IV**

In Count IV, Plaintiff alleges that Defendant Wilcox allowed Plaintiff's prescription medications to expire and forced Plaintiff to suffer without those medications for five days. Plaintiff further alleges that Defendant Wilcox acted in retaliation to Plaintiff filing several complaints.

To maintain a claim under the Eighth Amendment based on prison medical treatment, a prisoner must show deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. Id. This subjective approach focuses upon the mental attitude of the defendant. Id. at 839.

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). In the medical context, deliberate indifference may be shown by (1) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (2) harm caused by the indifference. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing Estelle, 429 U.S. at 104). The harm need not be substantial. Id. (citing Estelle, 429 U.S. at 104).

Medical malpractice or negligence is insufficient to establish a violation. Toguchi, 391 F.3d at 1060. Mere negligence in diagnosing or treating a condition does not violate the Eighth Amendment. Toguchi, 391 F.3d at 1057. Also, an inadvertent failure to provide adequate medical care alone does not rise to the Eighth Amendment level. Jett, 429 F.3d at

TERMPSREF

1096.

Plaintiff's allegations that Defendant Wilcox failed to timely renew his prescriptions are insufficient to state an Eighth Amendment medical claim because Plaintiff's allegations demonstrate that Defendant Wilcox was at most negligent in failing to renew Plaintiff's prescriptions. Plaintiff offers no facts suggesting that the failure to re-order prescriptions was anything more than oversight. Plaintiff's claim that Defendant Wilcox acted in retaliation against Plaintiff because of Plaintiff's numerous complaints is conclusory at best and not sufficient to support Plaintiff's allegations.   Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519 (1972), conclusory and vague allegations will not support a cause of action.  Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266 (9th Cir. 1982); Rhodes v. Robinson, 612 F.2d 766, 772 (3d Cir. 1979).  The Court will dismiss Count IV for failure to state a claim.

**B.   Count V**

In Count V, Plaintiff claims that policies of Correctional Health Services (CHS) resulted in the denial or delay of his medical care.  Municipalities and other local governing bodies are included among those "persons" who may be sued under § 1983.  Monell v. Department of Social Services of New York, 436 U.S. 658, 690-91 (1978).  Because Maricopa County CHS is not a municipal corporation, a local governing body or a private corporation, it is not a "person" amenable to suit under § 1983.  Maricopa County is responsible for providing medical care to county jail inmates.  See Ariz. Rev. Stat. § 11-291(A).  Any actions against a county policy must be brought against the county itself and not against an administrative subdivision of the county; thus, Maricopa County CHS is an improper defendant and Count V will be dismissed for failure to state a claim.

**C.   Count VII**

In Count VII, Plaintiff claims that Defendant Rowan refused to provide him with a wheelchair because Plaintiff's medical records state that Plaintiff was cleared to walk. Plaintiff claims that she then directed a detention officer to take Plaintiff away and that after Plaintiff was outside of the psych unit, he was provided with a wheelchair.

These allegations are not sufficient to allege deliberate indifference.  Plaintiff states that Defendant Rowan denied Plaintiff a wheelchair because his medical records stated he was cleared to walk; Plaintiff does not allege that Defendant Rowan had some other knowledge that would lead her to believe a wheelchair was necessary.  Moreover, the incident Plaintiff describes, though allegedly painful for Plaintiff, was brief and Plaintiff himself states that shortly after the incident, he was provided with a wheelchair.  Count VII will be dismissed for failure to state a claim.

### D.    Count XI

In Count XI, Plaintiff claims that Defendants Aldrete, CHS, and Doe denied him access to the courts when they failed to respond to Plaintiff's grievances or appeals.

An inmate has no free-standing constitutional right to a grievance process.  In Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), the Ninth Circuit held that a prisoner does not have a protected liberty interest in prison grievance procedures.  Other circuits have held similarly.  See Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir.1996); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991).  Without a liberty interest, Plaintiff has no procedural due process rights at stake.   Accordingly, Defendants' failure to follow grievance procedures by failing to respond to Plaintiff's grievances or appeals does not give rise to a due process a claim.

Plaintiff also fails to state an access to the courts claim.  To establish that he was denied meaningful access to the courts, a plaintiff must submit evidence showing that he suffered an "actual injury" as a result of the defendants' actions.  See Lewis v. Casey, 518 U.S. 343 (1996). An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Id. at 348.  To show actual injury with respect to contemplated litigation, the plaintiff must demonstrate that the conduct of the defendants prevented him from bringing to court a nonfrivolous claim that he wished to present. Id. at 352-53.   That nonfrivolous claim must be a direct or collateral attack on the inmate's sentence, or a challenge to the conditions of his confinement. Id. at 355. "Impairment of any *other* litigating capacity is simply one of the

1  incidental (and perfectly constitutional) consequences of conviction and incarceration." Id.
2  (emphasis in original). Plaintiff has not alleged that he was prevented from bringing his
3  claims to court as a result of Defendants' actions.

4      Count XI will be dismissed for failure to state a claim.

5  **IV.   Claims for Which an Answer Will be Required**

6      In Count I, Plaintiff claims that Defendant Avalos repeatedly denied medical care to
7  Plaintiff and ignored Plaintiff's complaints that pain in his left leg was becoming increasingly
8  worse.  Plaintiff claims that Defendant Avalos denied him a wheelchair and discontinued
9  Plaintiff's pain medication, despite Plaintiff's complaints.  Plaintiff later discovered he had
10  an infection in his bone that was aggravated by a lack of treatment.

11      In Count II, Plaintiff claims that Defendant Gan was deliberately indifferent to
12  Plaintiff's medical needs when he examined Plaintiff's leg with the intent to cause Plaintiff
13  pain and failed to provide Plaintiff with pain medication.

14      In Count III, Plaintiff claims that Defendant Wilcox examined Plaintiff with the intent
15  to cause Plaintiff pain, accused Plaintiff of faking his medical symptoms, and prevented
16  Plaintiff from receiving medical care for two months.

17      In Count VI, Plaintiff alleges that Defendant Nurse 871 refused to assist Plaintiff after
18  Plaintiff fell and landed on his injured leg.  Plaintiff states that Defendant Nurse 871 "threw
19  [his] mattress on the floor.  Told me I could crawl to my mattress and then she walked away."
20  Plaintiff claims this aggravated his existing injury.

21      In Count VIII, Plaintiff alleges that Defendant Aldrete, knowing Plaintiff was in pain,
22  assigned Plaintiff to the cell farthest from the legal phones and showers, even though an
23  empty cell was available next to the showers.  Plaintiff also claims that Defendant Aldrete
24  ignored Plaintiff's medical requests.

25      In Count IX, Plaintiff claims that Defendant Drapeau took Plaintiff's wheelchair away
26  without examining Plaintiff resulting in Plaintiff experiencing several painful falls.

27      In Count X, Plaintiff alleges that Defendant C.H.S. #426 denied Plaintiff psychiatric
28  care for two months.

**TERMPSREF**                                          - 6 -

1    Liberally construed, these allegations state a claim and the Court will require an
2    answer to Counts I, II, III, VI, VIII, IX, and X.

3    **V.    Motions**

4    On March 21, 2008, Plaintiff filed a new Application to Proceed *In Forma Pauperis*.
5    Because Plaintiff has already been granted *in forma pauperis* status, the Court will deny the
6    new Application as moot.

7    On March 21, 2008, Plaintiff also filed a "Request for Court to Serve Subpoena Waive
8    Fees," in which he asks that the Court issue subpoenas for Plaintiff to obtain medical records.
9    Because Defendants have not yet been served in this action, any discovery related matters
10   (such as obtaining relevant medical records) are premature.  After Defendants have filed an
11   answer, the Court will issue a discovery schedule setting deadlines for the parties to submit
12   and respond to discovery requests.  Plaintiff's Request will be denied at this time.

13   On April 11, 2008, Plaintiff filed a "Motion to Clarify, Grant Leave for Second
14   Amended Complaint if Needed," in which he asks that the Court grant him leave to file a
15   second amended complaint if the Amended Complaint is deficient.  Because the Court will
16   serve the Amended Complaint, the Court will deny Plaintiff's Motion as moot.

17   **VI.   Warnings**

18   **A.    Release**

19   Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.
20   Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay
21   the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result
22   in dismissal of this action.

23   **B.    Address Changes**

24   Plaintiff must file and serve a notice of a change of address in accordance with Rule
25   83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other
26   relief with a notice of change of address.  Failure to comply may result in dismissal of this
27   action.

28

**TERMPSREF**

1

### C.      Copies

2      Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy

3 of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate

4 stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit

5 an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply

6 may result in the filing being stricken without further notice to Plaintiff.

7

### D.      Possible Dismissal

8      If Plaintiff fails to timely comply with every provision of this Order, including these

9 warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet,

10 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to

11 comply with any order of the Court).

12 **IT IS ORDERED:**

13      (1)      Counts IV, V, VII, and XI of the Amended Complaint and Defendants

14 Correctional Health Services, Rowan, and Doe are **dismissed** without prejudice.

15      (2)      Defendants Avalos, Gan, Wilcox, Nurse 871, Aldrete, Drapeau, and C.H.S.

16 #426  must answer Counts I, II, III, VI, VIII, IX, and X of the Amended Complaint.

17      (3)      The Clerk of Court must send Plaintiff a service packet including the Amended

18 Complaint (Doc. #9), this Order, and both summons and request for waiver forms for

19 Defendants Avalos, Gan, Wilcox, Nurse 871, Aldrete, Drapeau, and C.H.S. #426.

20      (4)      Plaintiff must complete and return the service packet to the Clerk of Court

21 within 20 days of the date of filing of this Order.  The United States Marshal will not provide

22 service of process if Plaintiff fails to comply with this Order.

23      (5)      If Plaintiff does not either obtain a waiver of service of the summons or

24 complete service of the Summons and Amended Complaint on a Defendant within 120 days

25 of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later,

26 the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv

27 16.2(b)(2)(B)(I).

28

**TERMPSREF**                                    - 8 -

1  (6)     The United States Marshal must retain the Summons, a copy of the Amended
2  Complaint, and a copy of this Order for future use.

3  (7)     The United States Marshal must notify Defendants of the commencement of
4  this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal
5  Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.  The
6  Marshal must immediately file requests for waivers that were returned as undeliverable and
7  waivers of service of the summons.  If a waiver of service of summons is not returned by a
8  Defendant within 30 days from the date the request for waiver was sent by the Marshal, the
9  Marshal must:

10  (a)    personally serve copies of the Summons, Amended Complaint, and this
11  Order upon  Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil
12  Procedure; and

13  (b)    within 10 days after personal service is effected, file the return of service
14  for Defendant, along with evidence of the attempt to secure a waiver of service of the
15  summons and of the costs subsequently incurred in effecting service upon Defendant.
16  The costs of service must be enumerated on the return of service form (USM-285) and
17  must include the costs incurred by the Marshal for photocopying additional copies of
18  the Summons, Amended Complaint, or this Order and for preparing new process
19  receipt and return forms (USM-285), if required. Costs of service will be taxed against
20  the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil
21  Procedure, unless otherwise ordered by the Court.

22  (8)     **A Defendant who agrees to waive service of the Summons and Amended**
23  **Complaint must return the signed waiver forms to the United States Marshal, not the**
24  **Plaintiff.**

25  (9)     Defendants must answer the Amended Complaint or otherwise respond by
26  appropriate motion within the time provided by the applicable provisions of Rule 12(a) of
27  the Federal Rules of Civil Procedure.

28  (10)     Any answer or response must state the specific Defendant by name on whose

behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

    (11)    This matter is referred to Magistrate Judge Edward C. Voss pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

    (12)    Plaintiff's March 21, 2008 Application for Leave to Proceed *In Forma Pauperis* (Doc. #6) is **denied** as moot.

    (13)    Plaintiff's March 21, 2008 "Request for Court to Serve Subpoena Waive Fees" (Doc. #7) is **denied**.

    (14)    Plaintiff's April 11, 2008 "Motion to Clarify, Grant Leave for Second Amended Complaint if Needed" (Doc. #8) is **denied**.

    DATED this 2nd day of May, 2008.

Mary H. Murguia
United States District Judge